Russell S. Thompson IV (029098)
Joseph Panvini (028359)
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
602-388-8898
866-317-2674 facsimile
rthompson@consumerlawinfo.com
jpanvini@consumerlawinfo.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Donald Petersen, | ) Case No. |
| | ) |
| Plaintiff, | ) **COMPLAINT AND TRIAL BY JURY DEMAND** |
| vs. | ) |
| | ) |
| Gurstel Chargo, P.A., | ) |
| | ) |
| Defendant. | ) |

**NATURE OF ACTION**

1. This is an action brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiff Donald Petersen ("Plaintiff") is a natural person.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant Gurstel Chargo, P.A. ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

9. Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, two personal student loans (the "Debts").

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

11. Plaintiff's father was the co-signor on the alleged Debts.

12. Plaintiff lives in Wyoming, and Plaintiff's father and mother live in Arizona.

Complaint - 2

13. In connection with the collection of the alleged Debts, Defendant filed two lawsuits in West Mesa Justice Court, CV-201402696 and CV-201402697 (the "Lawsuits"), against Plaintiff and Plaintiff's father.

14. When Plaintiff received notice of the Lawsuits, Plaintiff quickly filed an answer in CV-201402696 and immediately contacted Defendant to discuss the case.

15. However, Defendant refused to speak with him because Plaintiff lives in Wyoming.

16. Defendant is not licensed to engage in collections activity in the state of Wyoming.

17. Upon information and belief, Defendant would not speak with Plaintiff because Defendant is not licensed to engage in collections activity in the state of Wyoming.

18. Plaintiff made numerous attempts to contact Defendant regarding the Lawsuits, yet Defendant continually refused to speak with him, despite ongoing proceedings in the Lawsuits.

19. Each time Plaintiff called Defendant to discuss the Lawsuits, Defendant's representatives refused to speak with him and failed to connect Plaintiff to an attorney that would speak with him.

20. Defendant should have instructed its representatives to connect Plaintiff to an attorney that could speak with him about the Lawsuits.

21. When Plaintiff was finally able to have a telephone conversation with Defendant, Plaintiff, Plaintiff's father, and Defendant agreed to a payment arrangement

Complaint - 3

under which only Plaintiff—not Plaintiff's father or any other party—would pay Defendant on a monthly basis, starting at $150 per month per student loan, until the alleged Debts were paid.

22. Plaintiff thereafter made several payments in accordance with the agreement.

23. However, after entering the payment agreement with Plaintiff, Defendant sent Plaintiff's father and mother a letter and proposed Application for Stipulated Judgment and Conditional Agreement Not to Record or Execute ("Application") with respect to CV-201402697.

24. These documents contained terms not previously discussed, and made only Plaintiff's father and mother responsible for the payments under the payment agreement, while making no reference to Plaintiff whatsoever.

25. Additionally, soon after entering into the payment agreement, Plaintiff received notice of compulsory arbitration proceedings with respect to CV-201402696.

26. When Plaintiff received notice of the scheduled arbitration proceedings, he immediately contacted Defendant to get more information, but Defendant refused to speak with him.

27. Plaintiff asked his father to ask Defendant for more information.

28. When Plaintiff's father talked to Defendant, Defendant told him that they had no information regarding the arbitration.

29. Plaintiff has made numerous attempts to work with Defendant in a good faith effort to make payment arrangements, yet Defendant has continued to pursue the Lawsuits in bad faith while refusing to speak with Plaintiff.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692e

30. Plaintiff repeats and re-alleges each and every factual allegation above.

31. Defendant violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of the alleged Debts.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(10)

32. Plaintiff repeats and re-alleges each and every factual allegation above.

33. Defendant violated 15 U.S.C. § 1692e(10) by using false representation or deceptive means to collect or attempt to collect the alleged Debts.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

    e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

    f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT III
### VIOLATION OF 15 U.S.C. § 1692f

34. Plaintiff repeats and re-alleges each and every factual allegation above.

35. Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means against Plaintiff in connection with an attempt to collect the alleged Debts.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692f;

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

36.  Plaintiff is entitled to and hereby demands a trial by jury.

Dated: March 18, 2016.         Respectfully submitted,

s/ Russell S. Thompson IV
Russell S. Thompson IV (029098)
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
602-388-8898
866-317-2674 facsimile
rthompson@consumerlawinfo.com

s/ Joseph Panvini
Joseph Panvini (028359)
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
602-388-8875
866-317-2674 facsimile
jpanvini@consumerlawinfo.com

Attorneys for Plaintiff